## HENRY GUERDON

*v.*

## CHARLES W. CORBETT *et al.*

1. NEW TRIAL—*finding from the evidence.* Where the evidence is conflicting, it is for the jury to weigh the same and determine where the preponderance is, and their finding will not be disturbed unless manifestly against the weight of the evidence.

2. CONTRACT—*right to abandon.* If a party is prevented from completing his contract by the other party, he will have the legal right to abandon it, and sue for and recover for the labor performed under the same.

3. SAME—*condition precedent to performance.* Where a party agrees to do certain work, and the other party to convey to him certain lots, for the price of which, above the amount to be paid for the work, the workman agrees to execute and deliver his notes, secured by mortgage on the lots, if the owner of the lots refuses to make a deed therefor, the workman is not bound to go any further or to execute the notes and mortgage. The owner must tender a deed before he can demand the notes and mortgage.

4. PRACTICE—INSTRUCTION—*to find for defendant.* Where there is evidence tending to establish a plaintiff's right to recover, it is an invasion of the province of the jury to instruct them to find for the defendant.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. S. P. PRESCOTT, and Mr. A. GARRISON, for the appellant.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellees brought an action before a justice of the peace of Cook county, to recover for labor as carpenters, against appellant. On a trial before the justice, they recovered a judgment for $75, and defendant appealed to the circuit court of that county. On a trial in the circuit court they recovered a verdict and judgment for a similar sum, and defendant has perfected an appeal to this court.

It appears, appellees advertised that they would perform carpenter's work, for any one desiring to employ them, and take in payment therefor city lots. The parties came together, when it was agreed that appellees would perform certain carpenter's work, in erecting and repairing buildings and in constructing a milk vat for appellant, he to furnish all material and to convey to them two lots, and they to give notes and mortgage to secure the balance of the purchase money, on his conveying the lots to them.

Afterwards, the parties made this indorsement on the written contract, which was signed by them:

"It is hereby mutually agreed that seventy-five dollars ($75) has been paid on the above contract by Corbett & Loft to Guerdon, and Guerdon agrees to deed said lots to said Corbett & Loft, taking their notes and mortgages for balance, leaving further carpenter work subject to future agreement, except that the milk vats are to be completed, Guerdon furnishing material."

This indorsement seems to have been made after all the work had been done, and appellees swear appellant was to furnish lumber to line the milk vat, but afterwards refused, and that they offered to go on and finish it two or three times, but he failed to furnish material according to the agreement in the indorsement. Appellant, on the other hand, insists that the plan upon which they proposed to finish it would not have

prevented it from leaking, and he furnished the lumber, but this they deny.

Appellees say they did other work besides constructing the milk vats, but do not specify the amount and value, and it may be presumed it, with completing the milk vats, amounted to $75, as that is the sum paid by them, as fixed by the indorsement on the agreement, including the completion of the vats. They swear appellant failed to furnish white lead to use in the joints of the boards of which the vat was constructed, when called on for the purpose, and had he furnished it the vat would not have leaked. Appellant denies that he failed to furnish the lead when called for, but says he did furnish it. They say they demanded a deed for the lots, and offered to give their notes and a mortgage. This he denies, and says they only proposed to take one lot, while the contract calls for two.

The parties are at variance, and contradict each other in almost everything, when testifying. In such a conflict it was for the jury to weigh the evidence, and find where the preponderance was to be found. This they have done, and we can see no good reason for disturbing their finding. It is for the settlement of doubtful questions of fact, to reconcile conflicting evidence, and to find what it proves, that the system of jury trial was adopted, and they are impaneled. We have no right to invade their province, and we will never reverse their action unless we can see that it is manifestly against the evidence.

If appellant hindered and prevented appellees from going on and completing their contract, they had the legal right to abandon it, and sue for and recover for the labor they had performed. This, they claim, appellant did, and it is denied by him, and it was for the jury to find the fact from the evidence, and although not clear and free from doubt, there was evidence tending to prove he did. Appellees' evidence, considered without reference to the testimony of appellant, is sufficient to sustain the finding, and it was for the jury to determine whether it was overcome by appellant's testimony.

We perceive no error in the instructions given by the court, nor in refusing the fourth and fifth of appellant's instructions. If he refused to make the deed, they were bound to go no farther or do anything more. They were not bound to execute notes and mortgage until he made the deed. Until then they had no title to mortgage, and had received no consideration for the notes. He, of course, was bound to tender a deed before he could rightfully demand notes and mortgage under the contract, hence the court did right in refusing the fourth instruction, and it would have been manifest error to have given the fifth instruction, which directed the jury to find for defendant. To have given it, would have taken the consideration of the evidence from the jury, which would have invaded the right of trial by jury. There was evidence tending to establish appellees' claim, and the court had no power to take it from the consideration of the jury who had been impaneled to determine the issues of fact.

We perceive no error in the record, and the judgment of the court below is affirmed.

*Judgment affirmed.*