JULIUS CATLIN, JR., AND OTHERS, EXECUTORS, ETC., OF STEPHEN M. BUCKINGHAM, DECEASED, PLAINTIFFS, *v.* THE TRUSTEES OF TRINITY COLLEGE AND OTHERS, DEFENDANTS.

*Exemption from collateral inheritance tax — churches, missionary societies and colleges not exempt.*

A church is not a corporation " exempt by law from taxation " within the meaning of those words as used in the statutes imposing the collateral inheritance tax, as by the provisions of the Revised Statutes the buildings for public worship and the several lots where such buildings are situated, and the furniture belonging to each of them, is alone exempt from taxation.

The provision exempting stocks owned by the State or by literary or charitable institutions does not apply to such corporations, nor do the provisions of the statute exempting the personal estate of every incorporated company not made liable to taxation on its capital stock in the fourth title of this chapter. (DYKMAN, J., dissenting.)

Missionary societies are not exempt from the tax imposed by such collateral inheritance tax laws. (DYKMAN, J .dissenting.)

Although a college corporation, created under the laws of the State of Connecticut, is, by the terms of its charter, exempt from taxation, yet, as the laws in Connecticut have no extra-territorial force, they do not exempt such corporation from taxation under the collateral inheritance tax law of this State. (DYKMAN, J., dissenting.)

CASE submitted without action upon an agreed statement of facts.

In December, 1887, Stephen M. Buckingham, a resident of the city of Poughkeepsie, Dutchess county, New York, died, leaving a will by which, among other things, he bequeathed a legacy of $50,000 to Trinity College at Hartford, Connecticut; to the Domestic and Foreign Missionary Society of the Protestant Episcopal Church, the sum of $20,000; to the rectors, wardens and vestrymen of St. Paul's Protestant Episcopal Church in the city of Poughkeepsie, the sum of $10,000. The question submitted for the consideration of the court was whether the legacies above mentioned were subject to the collateral inheritance tax imposed by chapter 483 of the Laws of 1885, as amended by chapter 713 of the Laws of 1887.

*Wilkinson & Cossum*, for the plaintiffs.

*L. A. Lockwood*, for trustees of Trinity College, defendant.

*Martin Heermance*, for St. Paul's Protestant Episcopal Church in Poughkeepsie, defendant.

*O. D. M. Baker*, for county treasurer, defendant.

BARNARD, P. J.:

By the first section of chapter 713, Laws of 1887, a tax of five per cent is imposed upon collateral inheritances. The defendant, St. Paul's Church, is a religious corporation. A legacy is given to tt. Another defendant, Trinity College, is an institution of learning, chartered under the laws of Connecticut. Another defendant is a missionary society, incorporated under the laws of this State. Are these three corporations to take the legacy free of the collateral tax? The words of the collateral tax law cover all bequests and legacies "other than to * * * or the societies, corporations and institutions now exempted by law from taxation." As to the church the Revised Statutes only exempts "every building for public worship * * * and the several lots whereon such build-ings are situated, and the furniture belonging to each of them." (2 R. S. [Banks' 7th ed.], 982, § 4.) The church does not fall within the exemption of subdivision 6 of that section — "all stocks owned by the State or by literary or charitable institutions." The case shows no stock owned by the church. The section applies only to stock in State corporations and upon this stock the corporations

were made to pay the tax to the State and to the literary and charitable institutions. (Laws of 1845, chap. 195.) The church is not exempted under subdivision 7 of section 4 of the Revised Statutes (*supra*). " The personal estate of every incorporated company not made liable to taxation on its capital in the fourth title of this chapter." The fourth title, as it stood when that fourth section was drawn, contained provisions for the taxation of corporations upon their capital. If the corporation made no profit, it was exempt. (1 R. S. [2d ed.] 404, § 9); some corporations could commute (§ 11); and some were exempted unless an income of five per cent was made. (§ 12.) Sections 9, 10, 11, 12, 13 and 14, were repealed by chapter 456, 1857 and 654, Laws of 1853, but the title still stands as one affecting corporations, liable because they derive an income upon capital or otherwise. The exemption in subdivision 7 only applied to the personal property of corporations which paid a tax on its stock, which was intended to include all its personal property. Churches were not included. The defendant church has, therefore, no exemption from the tax.

The same conclusion must be reached in the case of the missionary society. There is no law exempting them as missionary societies; and the law, subdivisions 6 and 7 of section 4 above, gave them no exemption from a tax upon personal property outside of stocks held in State corporations.

The case of Trinity College is different in this. It is a foreign corporation, but is exempt from taxation by its charter. The charter of Connecticut has no extra-territorial force. The collateral inheritance tax must be construed with respect to the State laws giving exemption from taxation. All corporations not exempted by law from taxation in June, 1887, is the test of exemption from the collateral inheritance tax.

The defendant, Trinity College, does not come within the description. The legacies should, therefore, all be held subject to the tax of five per cent.

PRATT, J., concurred.

DYKMAN, J. (dissenting):

This is a controversy submitted without action upon facts which are admitted. In December, 1887, Stephen M. Buckingham, a

resident of the city of Poughkeepsie, departed this life, leaving a last will and testament, by which, among other things, he bequeathed to Trinity College, Hartford, in Connecticut, the sum of $50,000, and to the rectors, wardens and vestrymen of St. Paul's Protestant Episcopal Church, in the city of Poughkeepsie, the sum of $10,000, for the purposes mentioned and specified in the will. It is admitted by the submission that the legacy in the will to Trinity College, at Hartford, Connecticut, was intended to be to the trustees of Trinity College, one of the defendants.

Trinity College is a corporation existing under the laws of the State of Connecticut, located at Hartford, in that State. By its charter it is empowered to take by gift and devise any real and personal estate, and by the statutes of the State of Connecticut the property of the college is exempt from taxation, and the personal property of the St. Paul's Protestant Episcopal Church is also exempt from taxation by the laws of the State of New York.

The questions submitted for our determination are these:

*First.* Is the legacy of $50,000 to the trustees of Trinity College subject to a tax of five per cent under chapter 713 of the laws enacted in the year 1887?

*Second.* Are the plaintiffs, as such executors and executrix, authorized to retain from the amount of said legacy of $50,000 five per cent of said amount, and to pay the same to George W. Chase as treasurer of Dutchess county, as and for the tax provided for in said act of 1887?

*Third.* Is the legacy of $10,000 to the defendant, the rector, wardens and vestrymen of St. Paul's Protestant Episcopal Church in the city of Poughkeepsie, subject to a tax of five per cent under chapter 713 of the laws of the State of New York enacted in 1887?

*Fourth.* Are the plaintiffs, as such executors and executrix, authorized to retain from the amount of said legacy of $10,000 five per cent of the said amount, and to pay the same to the defendant, George W. Chase, as county treasurer of Dutchess county, as and for the tax provided for in and by said act of 1887?

And it is stipulated, if the court find and decide that the legacy of $50,000 to Trinity College is not subject to such tax, that judgment may be entered authorizing the plaintiffs, as executors and

executrix, to pay over the full amount of said legacy to the trustees of the college; and, further, if the court find and decide that the legacy of $10,000 to the rector, wardens and vestrymen of St. Paul's Protestant Episcopal Church in the city of Poughkeepsie is not subject to such tax of five per cent, that judgment may be entered authorizing the plaintiffs, as executors and executrix, to pay over the full amount of said legacy to the said rector, wardens and vestrymen of St. Paul's Protestant Episcopal Church in Poughkeepsie.

By the first section of chapter 713 of the Laws of 1887, so far as the same applies to this case, all property which shall pass by will from any person who may die seized or possessed of the same, while a resident of this State, to any body politic or corporate, other than to the societies, corporations and institutions now exempted by law from taxation, shall be and is subject to a tax of five dollars on every hundred dollars of such property, to be paid to the treasurer of the proper county.

The Trinity College and the St. Paul's Protestant Episcopal Church fall within the specified exemption from this law because the property of those corporations is exempted by law from taxation.

The legacies of these two corporations are not subject to a tax of five per cent under chapter 713 of the Laws of 1887, and the plaintiffs, as such executors and executrix, are not authorized to retain from the amount of such legacies such tax; and judgment should be entered authorizing the plaintiffs, as executors, to pay over the full amount of those legacies to the two legatees named.

The same rule applies to the legacy to the Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America.

Judgment for plaintiff upon the submitted case that the legacies of the three defendants are all chargeable with the collateral inheritance tax; costs to all parties out of the legacies.