---

## In re JONES' ESTATE.

*(Surrogate's Court, New York County. October 12, 1888.)*

TAXATION—EXEMPTIONS—BENEVOLENT SOCIETIES—COLLATERAL INHERITANCE TAX.

The Bank Clerks' Mutual Benefit Association, incorporated under the act of 1848, for the incorporation of benevolent societies, "to relieve the necessities of the aged and disabled, and benefit the families of deceased" bank clerks, which provides for the admission of members, the fees and assessments to be paid, and a forfeiture of membership for non-payment of assessments, is simply a mutual benefit association, and, not being exempted from taxation by its charter, takes a legacy subject to the collateral inheritance tax.

On motion to confirm report of appraisers of the estate of Joshua Jones, deceased.

*Graham McAdam*, for the comptroller. *De Witt, Lockman & De Witt*, for the executor. *Miller, Peckham & Dixon*, for Bank Clerks' Mutual Benefit Association.

RANSOM, S. In this matter it is claimed on behalf of the Bank Clerks' Mutual Benefit Association that the bequest of $10,000 to it under the will of decedent is exempt from the collateral legacy tax upon the ground that the association is a charitable organization, the object being "to relieve the necessities of the aged and disabled, and benefit the families of deceased officers

and clerks connected with the banks and savings banks of the city of New
York and vicinity," and bases its claim upon title 1, c. 13, Rev. St. § 4: "The
following property shall be exempt from taxation;" and subdivision 7: "The
personal estate of every incorporated company, not made liable on its capital
in the fourth title of this chapter." Title 4, § 1, is as follows: "All moneyed
or stock corporations deriving an income or profit from their capital, or oth-
erwise, shall be liable to taxation on their capital in the manner hereinafter
described." · Section 2: "The president * * * or other proper officer of
every such incorporated company shall * * * make and deliver to the
assessors a written statement specifying: (1) The real estate owned by such
company; (2) the capital stock actually paid in, and secured to be paid in,
excepting therefrom the sums paid for real estate, and the amount of such
capital stock held by the state, and by any incorporated literary or charitable
institutions * * *." The Bank Clerks' Mutual Benefit Association was
incorporated March 24, 1869, under the general "Act for the incorporation of
benevolent, charitable, scientific, and missionary societies," enacted in 1848,
but there is no provision in its charter exempting it from taxation. It is
only by implication and analogy that it can be claimed to have any right to
be exempted. In article 2 of its constitution, which treats of membership, it
is expressly stated in section 1 that "no applicant shall be admitted to mem-
bership after attaining the age of 50 years." Section 2 provides that "all ap-
plications for membership must be accompanied by a certificate of health
from one of the examining physicians of the association, and be referred to
the committee on the admission of members. The applicant for membership,
if accepted, shall pay the fee of the medical examiner." Article 12 provides
that "any member failing to pay his assessments for three consecutive months
shall forfeit his membership, and all the benefits resulting therefrom, and
shall not be readmitted to membership in the association under any circum-
stances." These provisions seem to establish the fact that the association is
nothing more than a mutual benefit insurance association, like the Knights of
Honor, the Royal Arcanum, and numerous other and kindred associations.
It is restricted to a certain class, and to a certain community; but the objects
are the same,—for the aid of the sick and disabled members, and some pro-
vision for the families of deceased members; the burden falling as lightly as
possible upon the association by limiting their assessment to one dollar for
each death, and arranging for the reduction of even that amount in the dis-
cretion of the officers of the association. There seems to be no definite
amount set apart to be paid in case of sickness or death; it is apparently left
to the exigences of the case or the discretion of the officers. In that respect
it differs from the purely benefit insurance companies, where a definite amount
is fixed upon as the insurance, and where, in the case of sickness, it is gen-
erally a set sum. In Catlin v. St. Paul's Church, (general term,) 1 N. Y.
Supp. 808, it was held "that since a church is exempt only as to its buildings,
lots, and furniture" under 2 Rev. St. N. Y. § 4, and both the church and the
missionary society fall outside of the exemptions of subdivision 6, of "all
stock owned by the state or by literary or charitable institutions," and subdi-
vision 7, "of the personal estate of every incorporated company not made
liable to taxation on its capital, they are neither exempt from taxation, and
are subject to the tax on their bequests · * * *." There seems to be no
ground, therefore, for sustaining the contention of the Bank Clerks' Mutual
Benefit Association that the legacy of $10,000, which passes to it under the
will of this decedent, is exempt from the tax. The appraiser's report is con-
firmed.