THE CITY OF ELGIN

*v.*

JOHN JOSLYN.

*Filed at Ottawa March 30, 1891.*

1. CONTRACTS—*bidding upon work to be done—specifications.* A contractor who bids for work is bound only by the specifications which are shown to him at or before the time he bids, and upon which his bid is based, and not by other specifications not then shown to him, and of which he was then ignorant, so that he did not and could not consider them in making his estimate for his bid.

2. But where one makes a bid for a contract to do certain work, on specifications then shown him, which bid is accepted, he not having seen what is called the "general specifications" of the work, if he is afterward informed of and shown the latter, and then executes the contract, he will be bound by the same as a part of his contract.

3. SAME—*right of abandonment or rescission.* A slight or partial neglect to observe some of the terms or conditions of a contract will not justify a rescission or abandonment of it. When a party performs his contract in part, and is prevented by the other party from finishing it, he will have the legal right to abandon it or treat it as rescinded, and sue and recover for the work and material furnished by him.

4. In a suit by a contractor against a city, to recover for work done and materials furnished, it is proper to leave to the jury, by instructions, the question whether or not the plaintiff voluntarily abandoned the work and refused to finish it, and thereby gave the defendant the right to declare the contract forfeited, and to proceed with its completion.

5. EVIDENCE—*testimony of experts—as to meaning of words used in written contract.* Where general words in particular trades and branches of business are used in a new, peculiar or technical sense, those conversant with such use of the words may explain their meaning. So when terms of art or science, or technical phrases and local terms, are used in a contract, they may be explained by parol testimony.

6. Where a contract requires one of the parties to do certain "excavations and mason work," the oral testimony of mechanics and persons skilled in mason work may be admitted, to show whether "mason work" includes the laying of inlet, suction and drain pipes.

7. MEASURE OF DAMAGES—*extra work done—whether governed by the contract price.* It is only when the extra work and materials furnished

136 525
62a 441
136 525
63a 49
136 525
67a 347
136 525
85a 551
136 525
87a 193
136 525
187 7325
d91a 7457
136 525
205 8449
205 1450
106a 9538
136 525
208 3593
110a 7220

under a contract are of the same character as those named in the con-
tract, that they are to be paid for according to the schedule of prices
fixed by the contract. Where the extra work and materials are of a
different character from those specified in the contract, the rates named
in the contract will not apply, and the party performing will be entitled
to recover according to the value as fixed by the evidence.

8.  Where extra work, growing out of changes and alterations made
in the original contract, is to be ordered and paid for upon the esti-
mates of an architect or engineer, it will be presumed that only such
changes and alterations are intended as are of minor importance, and
incidental only to the execution of the work described in the plans.

9.  ACTION—*remedy—waiver of tort.* Where one wrongfully takes the
goods of another and applies them to his own use, the owner may waive
the tort and charge the wrongdoer in assumpsit on the common counts.

10.  So where a contractor who had undertaken to construct water
works for a city, quit the work begun by him, and left in the hands of
the city certain machinery, tools and materials, the last of which were
used by the city in completing the work, and the tools and machinery
were destroyed by the city in finishing the work, it was *held,* that the
city was liable to the contractor for the value of the materials so used,
and the tools and machinery so destroyed, under the common counts
in assumpsit, without proof of conversion into money, or any promise
to pay.

11.  PRACTICE—*special finding by jury.* Where a plaintiff sues for
extra work and material furnished by him, and claims nothing for any-
thing done under the original contract, there can be no objection to
a finding of the jury to the same effect, in answer to a special inter-
rogatory.

12.  REMITTITUR. A general *remittitur* is sufficient. It is not neces-
sary that the plaintiff shall state specifically upon the record what the
*remittitur* is for.

13.  INSTRUCTIONS—*construed—whether contradictory.* In an action
by a contractor against a city, to recover for extra work and materials,
the court instructed the jury, for the plaintiff, that a contractor who
bids for work is bound only by the specifications which are shown to
him at the time he bids, and upon which his bid is made, and not by
other specifications not shown to him, and of which he was ignorant.
On behalf of the defendant the court told the jury, that if, when the
plaintiff executed the contract, his attention was called to other speci-
fications which had not been shown him when he made his bid, and
if, at the time of the execution of the contract, he examined such
other specifications, and agreed to them, they became a part of the
contract, and he was bound by them : *Held,* that the first instruction
was qualified, to a certain extent, but not contradicted, by the latter

instruction. Under the two instructions, the jury were merely required to determine whether or not the right of the plaintiff to complain of the city's silence as to the last specifications when he made his bid, was afterward waived by any knowledge and assent to the latter specifications, on his part, when he executed the contract.

14. There is no necessary conflict between two instructions, one to the effect that the plaintiff would not be required, by his contract, to lay certain pipes if the laying of them was not a part of the "mason work" he had agreed to do; and the other, that he was bound to lay them, if there was a misunderstanding between him and the defendant as to the meaning of "mason work," and they agreed to leave it to an engineer to decide what the term meant, and to abide by his decision, and that he decided that such work included the laying of the pipes.

15. SAME—*error cured by the other instructions.* It is error to assume, in an instruction, a disputed fact; but if, from the whole of such instruction, and others given on the same point, and the evidence bearing on the question, it is evident that the question of fact was fairly left to the jury, to be determined from the evidence, and that the jury was not misled thereby, such error will not require a reversal.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. ISAAC G. WILSON, Judge, presiding.

Messrs. BOTSFORD & WAYNE, and Mr. H. B. WILLIS, for the appellant.

Mr. CHARLES WHEATON, and Mr. A. H. BARRY, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of assumpsit, brought by appellee against appellant in the Circuit Court of Kane County to recover for work and material furnished by appellee in the construction of the Elgin Water Works. The declaration contains the common counts only. There was a written contract between the parties, but the claim as made is for extras, and extra work and material, alleged to have been done and furnished on account of changes required to be made by the City. The

verdict was for $2400.92, but plaintiff below remitted $400.92, and judgment was finally entered for $2000.00.

The first error complained of is the alleged contradiction, which is said to exist between the sixth instruction given for the plaintiff, and the first instruction given for the defendant. Plaintiff's sixth instruction lays down the rule, that a contractor who bids for work is bound only by the specifications which are shown to him at the time he bids, and upon which his bid is based, and not by other specifications not then shown to him, and of which he was then ignorant so that he did not and could not consider them in making the estimates for his bid. This accords with the law as laid down by this Court in *Sexton* v. *Chicago*, 107 Ill. 323, and *Kirk* v. *Wolf Man. Co.* 118 id. 567. Plaintiff's sixth instruction is qualified to a certain extent, but not contradicted by defendant's first instruction. The latter merely told the jury that if, when plaintiff executed the contract, his attention was called to "general" specifications which had not been shown to him when he made his bid, and if, at the time of the execution of the contract, he examined such "general" specifications and agreed to them, then, in that case, they became a part of his contract, and he would be bound by them. It was left to the jury to say, whether or not plaintiff was informed of any other than the "special" specifications when he made his bid, and, also, whether or not he was informed of and assented to the "general" specifications when he afterwards signed the contract. Under the two instructions, the jury were merely required to determine whether or not the right of the plaintiff to complain of the City's silence as to the "general" specifications when he made his bid, was afterwards waived by any knowledge of and assent to such "general" specifications on his part, when he executed the contract.

The contract in the case required the plaintiff to do certain "excavation and mason work." The court admitted the oral evidence of mechanics, and persons skilled in mason work,

for the purpose of showing whether "mason work" included the laying of inlet, suction and drain pipes. The admission of this evidence is objected to, but we do not think that it was improper. The term "mason work" has not such a known legal meaning as would necessarily include the laying of the pipes in question. Where general words, in particular trades and branches of business, are used in a new, peculiar or technical sense, those conversant with such use of them therein may explain their meaning. Where terms of art or science, or technical phrases and local words, are used in a contract, they may be explained by parol testimony. (1 Greenl. on Ev. sec. 280; *Brown* v. *Brown,* 8 Metc. 576; *Myers* v. *Walker,* 24 Ill. 133.)

We see no necessary conflict between plaintiff's seventh and defendant's fourth instructions. Upon the theory of the former, plaintiff would not be required by his contract to lay said pipes, if the laying of them was not a part of the "mason work." Upon the theory of the latter, he would be bound to lay them, if there was a misunderstanding between him and the city as to the meaning of "mason work," and if they agreed to leave it to the engineer to decide what the term meant, and to abide by his decision, and if he decided that mason work included the laying of the pipes. The instructions left all these matters of fact to the jury, and they found them against the defendant.

Appellant objects to the fifth instruction given for the plaintiff, upon the alleged ground that it assumes that plaintiff was discharged by the city. The first clause of the instruction does contain the assumption complained of, and, if it stood alone, would require a reversal; but, after a careful examination of the other clauses of the fifth instruction, and of all the instructions given on both sides in the case, we are satisfied that the jury could not have been misled by this error to the prejudice of the defendant.

34—136 ILL.

The undisputed evidence on both sides shows, that, at a certain point, the city took charge of the work and finished it. The fifth instruction taken as a whole, and the second and seventh instructions given for the plaintiff, fairly left to the determination of the jury the question of fact, whether or not the defendant interfered with the plaintiff and prevented him from finishing the work, and dismissed him and rescinded his contract without sufficient cause. A slight or partial neglect to observe some of the terms or conditions of a contract will not justify a rescission or abandonment. (*Weintz* v. *Hafner*, 78 Ill. 27; *Sanger* v. *Chicago*, 65 id. 506.) Where a party performs his contract in part and is prevented by the other party from finishing it, he will have the legal right to abandon it, or treat it as rescinded, and sue and recover for the work and materials furnished by him. (*Guerdon* v. *Corbett*, 87 Ill. 272; *Bonnet* v. *Glattfeldt*, 120 id. 166.)

On the other hand, the second, fifth and sixth instructions given for the defendant, fairly left it to the jury to say, whether or not the plaintiff voluntarily abandoned the work and refused to finish it, and thereby gave the defendant the right to declare the contract forfeited and to proceed with its completion. The fact that the plaintiff left the work before it was finished being admitted, the instructions on both sides so often and so fully presented to the minds of the jury the question, whether such fact was due to a voluntary or to an enforced abandonment, that they could not have regarded the discharge of the plaintiff as a matter of course, or as a matter taken for granted.

The first instruction given for the plaintiff is complained of, because it authorized the jury to allow the plaintiff the amount of such items of extra work and materials set forth in his bill of particulars, "as they believe the plaintiff is entitled to from the evidence." It is said that this language compelled the jury to allow what the testimony might show the extras to be worth independently of the contract, whereas

the contract provided that extra work should be paid for according to the schedule of prices bid, and that the city engineer was to determine what was extra work and the price of it.

Extra work and materials of the same character as the work and materials named in the contract, are to be paid for according to the schedule of prices fixed by the contract. But where the extra work and materials are of a different character from those specified in the contract, the rates named in the contract will not apply, and the party performing will be entitled to recover according to the value as fixed by the evidence. (*Chi. & Great East. R'y Co.* v. *Vosburgh,* 45 Ill. 311; *Western Union R. R. Co.* v. *Smith,* 75 id. 496.) Where extra work, growing out of changes and alterations made in the original contract, is to be ordered and paid for upon the estimates of an architect or engineer, it will be presumed that only such changes and alterations are intended, as are of minor importance and incidental only to the execution of the work described in the plans. (*County of Cook* v. *Harms,* 108 Ill. 151.)

We think all these matters were properly left to the jury under the first instruction taken in connection with all the other instructions given on both sides. The jury were to make the plaintiff such an allowance for his extra work and materials as they believed he was entitled to under the evidence, determining for themselves whether such work and materials were of the same character as those named in the contract, or of a different character, and whether the changes, giving rise to the extras, were or were not of minor importance and incidental only to the main work.

We see no objection to the answer of the jury to the special interrogatory put to them. They were asked what plaintiff was entitled to have for work and materials furnished under the contract and not included as extras: they answered that nothing was due him except for extras. This suit is brought to recover for extras only, and not for anything done or furnished under the contract.

There was no error in permitting the plaintiff to enter a remittitur. A general remittitur is sufficient. It is not necessary that the plaintiff shall state specifically upon the record what the remittitur is for.

When plaintiff quit the work begun by him, he left in the hands of the City certain materials, tools and machinery. The materials were used, and the tools and machinery were destroyed by the City in the completion of the work. It is objected, that the plaintiff was allowed to introduce evidence of these facts upon the trial, and to recover for the value of the property thus used up and destroyed.

It is claimed, that the act of the City in using and appropriating this property of the plaintiff was a tort, and that the City is not liable in this action of assumpsit. Appellant's position is, that assumpsit will not lie when property is wrongfully taken, unless it is converted into money, or money's worth, or there has been a subsequent promise to pay for the same. We do not think that such is the law as applied to the facts of this case. The act of the City may have been tortious, but the plaintiff had the right to waive the tort and sue in assumpsit, as the City applied the property to its own use and benefit. Where one wrongfully takes the goods of another and applies them to his own use, the owner may waive the tort, and charge the wrongdoer in assumpsit on the common counts, as for goods sold, or money received. (*T. W. & W. R. W. Co.* v. *Chew,* 67 Ill. 378.)

We perceive no error in the record, which will justify us in reversing this judgment. The judgment of the Appellate Court is, therefore, affirmed.

*Judgment affirmed.*