[No. 8802.    Department Two.    September 3, 1910.]

J. B. SWEATT, *Respondent*, v. H. W. BONNE *et al.*, *Appellants*.[1]

CONTRACTS—BUILDING CONTRACTS—ARCHITECT'S FINAL CERTIFICATE —CHANGE IN BUILDING—ACTIONS—CONDITION PRECEDENT. The certificate of an architect to the final completion of a building is not a condition precedent to an action by the contractor for a balance due him, as stipulated in the original contract for its construction, where the parties later agreed to add a basement and a third story, increasing the cost one-half, without any reference to the first contract or without making the architect the arbiter of the final completion of the building as changed; since such stipulations will not be extended beyond the express terms of the contract; and the contractor's request for a final certificate did not make the same essential.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered January 11, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a mechanics' lien. Affirmed.

[1]Reported in 110 Pac. 617.

*Merritt, Oswald & Merritt,* for appellants.
*Peacock & Ludden,* for respondent.

PARKER, J.—This is an action to foreclose a lien claimed by the plaintiff, a contractor, for a balance due him for the construction of a building for the defendants, and for certain extra work upon the building. Findings were made and judgment rendered in favor of the plaintiff. The defendants have appealed.

The facts as found by the learned trial court are, in substance, as follows: On June 24, 1908, the respondent entered into a contract with appellants, whereby it was agreed that he should erect, on a lot belonging to them in Spokane, a brick building for the sum of $9,987, under the superintendence of L. L. Rand, an architect. By the plans and specifications made part of the contract, it is shown that the building was to be two stories high, and was to rest upon a low foundation, without any cellar or basement. The contract contained certain provisions relating to the authority of the architect and payments to be made upon his certificate, as follows:

"Art. 1. It is understood and agreed by and between the parties hereto that the work included in this contract is to be done under the direction of the said architect, and that his decision as to the true construction and meaning of the drawings and specifications shall be final. . . .

"Art. 3. No alterations shall be made in the work except upon written order of the architect; the amount to be paid by the owner or allowed by the contractor by virtue of such alterations to be stated in said order. . . .

"Art. 4. It is hereby mutually agreed between the parties hereto that the sum to be paid by the owner to the contractor for said work and materials shall be nine thousand nine hundred and eighty-seven ($9,987) dollars, subject to additions and deductions as hereinbefore provided, and that such sum shall be paid by the owner to the contractor, in current funds, and only upon certificates of the architect, as follows: . . .

"The final payment shall be made within ten (10) days after the completion of the work included in this contract, and all payments shall be due when certificates for the same are issued."

On July 2, 1908, the respondent entered into a second contract with the appellants, whereby it was agreed that he should build a basement under the building for the sum of $1,631.69. The terms of this contract were expressed in an order in writing, addressed to the respondent, signed by the architect and, also, by both of the appellants. There were no specifications for this work other than such as were expressed in the order, and there were no drawings, it being understood that the basement should be under the entire building. There were no provisions in this contract touching the authority of the architect, nor any reference to the portions of the first contract upon that subject.

On August 1, 1908, about the time of the completion of the brickwork under the first contract, the respondent entered into a third contract, orally, with the appellants, whereby it was agreed that, in consideration of $3,750, he should build a third story on the building, to correspond with and be of like kind and finish as the second story described in the first contract. This contract appears as devoid of any reference to the authority of the architect as the second contract.

The respondent, at the request of the architect, sanctioned by the appellants, performed upon the premises in connection with the construction of the building, extra work, furnishing extra material therefor, not included in any of the contracts; which extra work and material were of the reasonable value of $172.10. The total amount of the contracts and of the extra work and material was $15,540.79. The appellants paid to the respondent, before the commencement of this action, $15,168, leaving unpaid $372.79, claimed by the respondent as the balance due him, which the appellants declined to pay. The respondent complied with all the terms of the contracts, except in so far as they were waived or

changed by the parties, and has completed the building in accordance therewith, with the exception of placing a layer of cement plastering on top of the walls of the building, which it will cost $50 to complete. This sum was by the court deducted from the amount claimed, and judgment rendered for the balance. Upon the respondent demanding from the architect a final certificate showing the completion of the building, the architect replied by a letter on January 18, 1909, in which he set forth the particulars in which he regarded the building as not completed, and declined to certify to its completion. One of the specified defects was the want of plastering on the top of the walls. These facts we have summarized from the court's findings, and after a careful reading of the evidence, conclude that they are well supported thereby.

The principal contention of learned counsel for appellants is that, since there was no final certificate of the architect showing the completion of the building, and no proof or finding that such a certificate was arbitrarily or fraudulently withheld, there can be no recovery by the respondent. This contention is rested upon the provisions of the first contract we have quoted above, and the holdings of this court in, *Craig v. Geddis*, 4 Wash. 390, 30 Pac. 396; *Schmidt v. North Yakima*, 12 Wash. 121, 40 Pac. 790; *Dickerman v. Reeder*, 59 Wash. 405, 109 Pac. 1060. These decisions would seem to support this contention made in behalf of appellants, if this was an action to recover a balance due upon the first contract only, and the building had not been so changed by the other contracts and the extra work as to become a building very materially different in kind and structure from the building originally contracted for. By these changes the cost of the building was increased more than one-half and its size was practically doubled. We think that this is not the building contemplated in the original contract, and the architect was not, by agreement of the parties, made the final judge of its completion. Both of the later contracts, which resulted in the building being so changed as to become a

substantially different building, are silent upon that subjec Whatever the authority of an architect may be as an agree arbiter between an owner and a contractor, the law will nc regard the owner bound by a decision of the architect, excep in so far as the owner has unmistakably agreed to be s bound. *Long v. Pierce County,* 22 Wash. 330, 61 Pac. 642 *County of Cook ·v. Harms,* 108 Ill. 151; *City of Elgin ʔ Joslyn,* 136 Ill. 525, 26 N. E. 1090; *Chicago & E. I. R. Cʔ v. Moran,* 187 Ill. 316, 58 N. E. 335; *Fay v. Muhlker,* 2 N. Y. Supp. 671; *Fuller & Co. v. Young & Co.,* 126 Fed. 34ʔ

We are of the opinion that the respondent's right of rʔ covery in this case does not depend upon a certificate froɪ the architect showing the completion of *this building,* sinɩ the architect has not been made the judge of that questio by agreement of the parties. Nor do we think the mere faɩ that the respondent asked for a final certificate from tʰ architect showing the completion of the building renderɛ such a certificate necessary to respondent's recovery, or prʋ vented him from here successfully contending that the archi-tect was not agreed by the parties to be the judge of the completion of the building.

Other contentions involve only questions of fact. We have already indicated our opinion that the evidence fully war-ranted the findings. The building was substantially com-pleted, and the deduction of $50 from the amount claimed on account of plastering on top of the walls was a very liberal allowance in view of the evidence.

We find no prejudicial error in the record, and are of the opinion that the judgment should be affirmed. It is so ordered.

RUDKIN, C. J., DUNBAR, CROW, and MOUNT, JJ., concur.