[No. 12897.   Department Two.   January 11, 1916.]

RUSSELL & GALLAGHER, *Respondents*, v. YESLER ESTATE,
INCORPORATED, *Appellant.*[1]

ARBITRATION AND AWARD—AGREEMENT TO ARBITRATE—CONSTRUCTION
—BUILDING CONTRACTS—DECISION OF ARCHITECT—FINALITY.   An archi-
tect is not the final arbiter of claims for extras through changes in
the plans, or for demurrage on account of delay, under a building
contract providing that he shall value and appraise any alteration
required and determine the amount to be added or deducted, and
that, should any dispute arise respecting the true value thereof,
the same shall be arbitrated by appealing to the city superintendent
of buildings, whose decision shall be final and binding, that the de-
cision of the architect shall be final in case of disputes as to the
work to be done, and providing for demurrage in case of delay "sub-
ject to the right of arbitration above mentioned"; and where the
arbitrator agreed upon refuses to act, the question is one for the
courts, in view of the rule favoring the right to resort to the courts
where the intention is doubtful.

APPEAL—REVIEW—FINDINGS.   Findings on conflicting evidence
will not be set aside unless the evidence preponderates against them.

Appeal from a judgment of the superior court for King
county, Humphries, J., entered December 14, 1914, upon
findings in favor of the plaintiffs, in an action on contract,
tried to the court.   Affirmed.

*Hughes, McMicken, Dovell & Ramsey* and *R. J. Venables,*
for appellant.

*Preston & Thorgrimson,* for respondents.

PARKER, J.—This is an action to recover a balance due
upon a building contract, including compensation for extra
work and material.   The case was tried before the court with-
out a jury, resulting in findings and judgment in favor of
the plaintiffs, from which the defendant has appealed.

In April, 1913, respondents, Russell & Gallagher, entered
into a contract with appellant, Yesler Estate, Incorporated,

[1]Reported in 154 Pac. 188.

agreeing to construct a certain portion of a building about
to be constructed upon one of its lots in Seattle. The pro-
visions of the contract, so far as here necessary to notice
them, are as follows:

"That the said party of the first part (respondents), for
and in consideration of the payments to be made to them by
the said second party as hereinafter provided, do hereby
covenant, contract and agree to do and fully complete, by
the tenth day of June, 1913, all of the digging, trenching,
cribbing, pumping, cleaning, excavating; and build the
foundation and basement walls, piers and posts for a build-
ing to be erected, on the site described in the specification,
according to the plans, specifications and drawings (which
are declared to be a part of this agreement), made by A.
Wickersham, architect (acting as agent for said owner),
in a good, substantial and workmanlike manner, to the satis-
faction of and under the direction of said architect, . . .

"It is also further agreed that the said party of the sec-
ond part, may make all alterations by adding, omitting, or
deviating from the aforesaid plans, drawings and specifica-
tions, or either of them, which it shall deem proper and the
said architect shall advise, without impairing the validity of
this contract, and in all such cases the said architect shall
value or appraise such alteration, and add to or deduct from
the amount herein agreed to be paid to the said first party
the excess or deficiency occasioned by such alteration, but
should any dispute arise respecting the true value of any
works added or omitted by the contractor, the same shall be
arbitrated by appealing to the superintendent of buildings
for the city of Seattle, who has been hereby mutually selected
and whose decision shall be final and binding on all parties,
each party paying one-half of the fee. It is further agreed
that in case any difference of opinion shall arise between said
parties in relation to the contract, the work to be or that
has been performed under it, or in relation to the plans,
drawings and specifications, the decision of the said archi-
tect shall be final and binding on all parties hereto. . . .

"It is further agreed should the contractor fail to finish
the work at the time agreed upon, they shall pay to or allow
the owner, by way of liquidated damages, the sum of twenty
dollars per diem, for each and every day thereafter the said

works shall remain incomplete, subject to the right of arbitration above mentioned."

The real controversy is over claims of respondents for extra work and material required of them because of change in plans of the structure, and also a claim of demurrage made by appellant against respondents because of delay in the completion of the work.

It is contended by counsel for appellant that, under the terms of this contract, the architect became the agreed arbiter of the disputed items of charge claimed by respondents, and also the disputed item of demurrage claimed by appellant against respondents. We note that the superintendent of buildings declined to act as arbiter, and that, therefore, there is no question of the necessity of submitting any disputed matter to him.

We are not able to gather from the language above quoted an intention on the part of the parties thereto to make the architect the arbiter of the questions here involved, since there is not here involved any question of the proper performance of the work or the proper quality of the material entering into the structure, but only the question of the value of the extra work, and possibly the quantity thereof, and the demurrage, all of which questions seem by the terms of the contract to be subject to arbitration before the superintendent of buildings.

It seems to us that the language of the contract referring to such arbitration negatives the idea of the power of the architect in that respect, not only as to the value of the extra work, but also as to the amount of the demurrage, if any, chargeable to the respondents. It is, in any event, not at all certain that the parties to the contract agreed to make the architect the final arbiter of any of the questions here involved. This of itself would entitle respondents to resort to the courts. While the law favors the settlement of disputes by arbitration, it will compel parties to resort thereto only when the terms of their contract are clear and certain

in showing they have such intention. In the early case of *Van Horne v. Watrous*, 10 Wash. 525, 39 Pac. 136, Judge Stiles, speaking for the court, at page 527, observed:

"Courts will enforce contracts to arbitrate disputes and make the decision of arbitrators final where the parties to a contract make it clearly to appear that such was their intention; but whenever they leave it doubtful whether such a method of settling a disputed question was intended to be left to the final decision of arbitrators, the construction is in favor of the right to resort to the courts for redress in the usual manner."

In *Sweatt v. Bonne*, 60 Wash. 18, 110 Pac. 617, we said:

"Whatever the authority of an architect may be as an agreed arbiter between an owner and a contractor, the law will not regard the owner bound by a decision of the architect, except in so far as the owner has unmistakably agreed to be so bound. *Long v. Pierce County*, 22 Wash. 330, 61 Pac. 642; *County of Cook v. Harms*, 108 Ill. 151; *City of Elgin v. Joslyn*, 136 Ill. 525, 26 N. E. 1090; *Chicago & E. I. R. Co. v. Moran*, 187 Ill. 316, 58 N. E. 335; *Fay v. Muhlker*, 20 N. Y. Supp. 671; *Fuller & Co. v. Young & Co.*, 126 Fed. 343."

This observation is, of course, applicable to the rights of the contractor as well as to those of the owner.

All other questions here involved are of fact only. We think it would be unprofitable to analyze the evidence in detail, and feel that we are not called upon to say more than that we have painstakingly reviewed all of the evidence found in the statement of facts, and are inclined to the view that it preponderates in favor of the conclusions reached by the trial court, both upon the question of respondents' claims for extra work and material and upon appellant's claim of demurrage. In any event, we cannot say that it preponderates to the contrary. We think the case does not call for further discussion.

The judgment is affirmed.

MORRIS, C. J., BAUSMAN, MAIN, and HOLCOMB, JJ., concur.