## Shober & Carqueville Lithographing Co. v. Herman Schedler.

1. TORTS—*Waiver of, Suit in Assumpsit.*—Although the act of a party in obtaining the goods of another and converting them into money, or in applying them to his own use, may be tortious, the owner may waive the tort and charge the wrongdoer on the common counts as for money had and received, or for goods sold and delivered.

Assumpsit.—Goods sold and delivered. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed March 3, 1896.

ISRAEL COWEN, attorney for appellant.

EDWARD MAHER and CHARLES C. GILBERT, attorneys for appellee.

When one wrongfully takes the goods of another and applies them to his own use, the owner may waive the tort, and charge the wrongdoer in assumpsit on the common counts, as for goods sold, or money received. City of Elgin v. Joslyn, 136 Ill. 532; T., W. & W. R. W. Co. v. Chew, 67 Ill. 378.

If one commits a tort on the goods of another, by which he gains a pecuniary benefit, as, if he wrongfully takes the goods and sells them, or otherwise applies them to his own use, the owner may waive the tort and charge him in assumpsit on the common counts, as for goods sold, or money received. 1 Greenleaf Ev., Sec. 108, and note 3; Putnam v. Wise, 1 Hill. 234, and note A; Lightly v. Conston, 1 Tarnston, 112.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee was a lithographer, doing business in the city of New York. At the request and direction of one Chouquet, he engraved certain stones and sent them by an express company C. O. D. to the appellant at Chicago. And the stones so sent were billed by the appellee to the appellant as goods sold by him to it.

Appellant refused to pay the bill, and the express company refused to deliver the stones without such payment. Thereupon the appellant brought suit in replevin against the express company for the stones, obtained them and appropriated them to its own use.

Failing, after negotiations with appellant, to obtain his pay, the appellee brought his suit in assumpsit, filing the usual common counts.

Before a jury he recovered a verdict upon which judgment was entered.

The point is made that assumpsit does not lie under such facts.

It seems to be settled law in this State that, although the act of a party in obtaining the goods of another and converting them into money, or in applying them to his own use, may be tortious, the owner may waive the tort and charge the wrongdoer in assumpsit on the common counts as for money had and received, or for goods sold and delivered. City of Elgin v. Joslyn, 136 Ill. 525; T., W. & W. Ry. Co. v. Chew, 67 Ill. 378; Farson v. Hutchins, 62 Ill. App. 439.

To the replevin suit brought by appellant, appellee was not made a party defendant, and he was not bound to await the determination of that suit, and, if appellant were unsuccessful, bring suit on the replevin bond.

There was no error in the admission of evidence, and none is pointed out as to the instructions.

The judgment should be affirmed, and it is so ordered.