## John M. Gentle and Thomas S. Gentle v. Margaret A. Stephens.

1. MONEY HAD AND RECEIVED—*Scope of the Action for.*—The scope of the action for money had and received has been enlarged until it embraces a great variety of cases, and will lie whenever one person has received money which in justice belongs to another, and which in justice and right should be returned.

2. WAIVER—*Of Tort.*—Where the custodian of a bond wrongfully converts the same to his own use, the owner may waive tort, and charge the wrongdoer in assumpsit, on the common counts, as for money received.

Assumpsit, for money had and received. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900.

W. L. ELLWOOD, attorney for appellants.

T. N. GREEN, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

In 1895, one Louis A. Buchner and his father, C. J. Buchner, were doing a banking business at Deer Creek, Tazewell county, Illinois, under the name of the "Deer Creek Bank." Louis A. Buchner had charge of the bank as the managing partner.

In June or July, 1895, three school bonds for $200 each, dated June 18, 1895, and numbered 2, 3 and 4, respectively, were received by the bank; No. 2 was owned by one Mary Stephens, No. 3 by Mary Stephens and appellee, and No. 4 by appellee alone. The bonds were made payable to said owners, respectively, or bearer. These bonds were permitted by the owners to remain in the bank, and were afterward used by the latter as collateral security for a debt it owed the Central National Bank of Peoria, Illinois. On January 1, 1896, appellant John M. Gentle bought a one-third interest in the Deer Creek Bank, and in March, 1897, he purchased

all the remaining interest in the same, and thereafter conducted it alone. It is not certain where the bonds were at the time Gentle purchased the bank, as Louis A. Buchner testified that at the time of such purchase the bonds were in the Deer Creek Bank, while John M. Gentle swore they were at that time in said Central National Bank. Immediately after he became the owner of the Deer Creek Bank, John M. Gentle borrowed $1,500 of the Merchants National Bank of Peoria, for which he gave his note, with appellant Thomas S. Gentle as surety. There were also deposited with the Merchants National Bank, as collateral security for said $1,500 note, certain notes taken by the Deer Creek Bank and said school bonds. About April 6, 1897, the Deer Creek Bank collected from the school district the principal of bond No. 2 and the interest on bonds Nos. 3 and 4. John M. Gentle thereupon obtained bond No. 2 from the Merchants National Bank and paid it off, and also paid the interest on bonds Nos. 3 and 4. On June 9, 1897, the Deer Creek Bank failed and John M. Gentle at once conveyed to T. S. Gentle certain real estate, and also made a bill of sale of the bank furniture and fixtures, and certain other personal property, to the latter, to further secure him as surety upon said $1,500 note. Soon after the failure of the Deer Creek Bank, the Merchants National Bank turned over the $1,500 note, together with the collateral deposited with it, to its attorney for collection. Along with the collateral were said school bonds Nos. 3 and 4. On June 24, 1897, Louis A. Buchner entered into an agreement with appellants, T. S. and John M. Gentle, by which said appellants undertook to convey to him certain real estate and to turn over to him certain notes and other personal property, including "school bonds of $400," and in consideration thereof Buchner assumed and agreed to pay the liabilities and indebtedness of the bank, amounting to $15,466.14. In the schedule of indebtedness, the note to the Merchants National Bank was listed at $1,150, the other $350 being specially excepted from the schedule by the agreement, and afterward paid by Thomas S. Gentle.

The bonds in question were subsequently turned over by the attorney of the Merchants National Bank, under the direction of appellants, to Louis A. Buchner, who sold them to the Eureka State Bank, which received payment of the same from the school district. This was a suit in assumpsit by appellee to recover the amount of bond No. 4, and also the interest due her on that bond and bond No. 3. The declaration consisted of the common counts only, but in the copy of the account sued on, the item for money had and received was stated as follows:

" To money had and received, to and for the use of said plaintiff, from conversion of school district bond of $200, and interest    *    *    *    $400."

The two appellants pleaded the general issue and also by separate pleas, denied their joint liability. A jury was waived and on a trial by the court, judgment was entered against the appellants for $200.

It appears from the proofs that the said bonds were held by the Merchants National Bank as collateral security for the $1,500 note; that upon the failure of the Deer Creek Bank, the bonds were turned over to the attorney of the first named bank with the note, and that by the authority and direction of John M. Gentle and Thomas S. Gentle, they, with the other papers and property mentioned in the agreement, were turned over to Mr. Buchner. The bonds were therefore held by the Merchants National Bank for the joint benefit of appellants, John M. and T. S. Gentle, and when they were turned over to Buchner as part of the consideration for which he undertook, in addition to other things, to pay off $1,150 on the note to the Merchants National Bank, both of the appellants obtained the advantage thereof. The benefit derived from the disposal and transfer of the bonds was a joint one, and whatever liability was incurred by appellants was therefore a joint one.

It is contended that appellant T. S. Gentle is not liable to appellee unless he knew that the equitable title to the school bond in question belonged to her. We do not think this ground well taken. T. S. Gentle received the benefit of the

bond jointly with John M. Gentle, and he must therefore be charged with the amount received, even though he did not know that the equitable title to the bond was in appellee.

"An action for money had and received will lie whenever one person has received money which in justice belongs to another, and which in justice and right should be returned. * * * The scope of the action has been enlarged until it embraces a great variety of cases, the usual test being, does the money in justice belong to the plaintiff, and has the defendant received the money, and should he, in justice and right, return it to the plaintiff." Wilson v. Turner, 164 Ill. 398.

It is also insisted that although appellants may have turned over to Buchner the school bond in controversy, still that does not entitle appellee to maintain an action against appellants and recover under the common counts for the value of the bond.    But appellants applied the bond to their own use, and the law is well settled that where one wrongfully takes the goods of another and applies them to his own use, the owner may waive the tort, and charge the wrongdoer in assumpsit on the common counts, as for goods sold, or money received.    City of Elgin v. Joslyn, 136 Ill. 525; T. W. & W. R. W. Co. v. Chew, 67 Ill. 378.

It is further insisted by appellants that the judgment is erroneous, because there is no evidence that they received $200 in "money or money value" for the bond owned by appellee.    The agreement between appellants and Buchner provided for the delivery of "school bonds of $400."    The bonds were shown to be two in number and for the face value of $200 each.    A fair inference from the agreement, therefore, is that the bonds were turned over for their face value, and appellants seem to have received credit for them in that amount.

We are therefore of opinion that the judgment of the court below, which was for the face of bond No. 4 only, was right, and it is accordingly affirmed.