### Joseph Donovan v. Julia Purtell.

1. ASSUMPSIT—*when, lies.* Where money has been fraudulently appropriated, the owner thereof may waive the fraud and sue in assumpsit for money had and received.

Action of assumpsit. Appeal from the Circuit Court of St. Clair County; the Hon. ROBERT D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

LOUDEN and CROW, for appellant.

DILL & WILDERMAN and W. F. SMITH, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit by appellee against appellant. The declaration which was in assumpsit, contained the common counts for money loaned appellant, for money paid out and expended for the use of appellant, for money received by appellant for the use of appellee, and for interest. The

general issue was pleaded and the trial resulted in a verdict and judgment in favor of appellee.

Appellee for many years worked for her living in St. Louis, Missouri, doing housework. Sometime prior to this suit, having accumulated the sum of $1,200 she placed it at interest on real estate security and the note representing the loan came due in January, 1901. At that time appellant was engaged in the real estate and loan business in the city of St. Louis. He was president of the J. T. Donovan Real Estate Company of which his son Joseph M. Donovan was vice-president. The latter was also president of the Fidelity Realty Company which did business in the same room with the other company and in which appellant was likewise interested. Shortly after her note became due, appellee took it and the trust deed by which it was secured, to appellant's place of business, for the purpose of having him collect the money due and reinvest it for her, but at the office she made arrangements to that end with Joseph M. Donovan, whom, she testified, she considered a clerk. In June, 1901, she left the city and did not return until the following October. In the meantime she made arrangements with a friend, Miss Slaterly, to attend to her business. During her absence the note owned by her was collected and a new one for a like amount secured by deed of trust, was given Miss Slaterly, who afterwards turned the papers over to appellee. The new note was made by the Fidelity Realty Company, by J. M. Donovan its president, and was payable to the order of George M. Cooper, a clerk in appellant's office, who indorsed the same without recourse. It was secured by a deed of trust upon a 25-foot lot on San Francisco avenue in the city of St. Louis, made by the Fidelity Realty Company to appellant as trustee. The note and trust deed were dated January 19, 1901, but were not delivered to Miss Slaterly until the following August. With those papers there was also delivered to Miss Slaterly a written guarantee executed by J. T. Donovan Real Estate Company by J. T. Donovan its president, which after reciting the assignment to appellee of the note

and securities in question, proceeded as follows: "And whereas there is being erected on said lot of ground, certain improvements which may not yet be fully completed and paid for; now, therefore, in consideration of said sum of twelve hundred dollars, we hereby promise and agree to cause said improvements to be fully completed and paid for, and to hold the said Miss Julia Purtell harmless from all loss or damage or account of mechanic's liens, or on account of the failure of the said Fidelity Realty Company, to fully complete said improvements, and to pay for the same. For the consideration aforesaid, we further obligate ourselves to hold Miss Julia Purtell and her assigns harmless from all loss on account of said investment, principal or interest." The guarantee also contains an undertaking on the part of the maker to pay the interest notes in case of default in the payment thereof for a longer period than thirty days and to purchase the principal at its face value, with interest added, within six months after default in the payment of the same.

Sometime after appellee received the last named papers she ascertained that the lot described in the deed of trust was vacant; that no improvements were being made and that it was worth only about $150. She thereupon called upon J. M. Donovan, the president of the Fidelity Realty Company, who offered to give her in exchange other securities, which on examination she found to be entirely inadequate to properly secure the debt. She then made similar demands of appellant and he offered her to substitute some other piece of property for that which appellee had, but upon an examination of the properties named appellee refused to accept any of them on the ground that the security was wholly insufficient. While negotiations were pending two of the interest notes were paid by appellant. Appellee testified that when she asked appellant what security he could give on said notes; he said he could not give her money, but offered to pay her in eighteen months and told

her she would not be at any loss, but this appellant denies. Afterwards negotiations ceased and this suit was brought.

Upon the trial appellant claimed that he was not personally liable to appellee for the reason that she was not dealing with him personally but with certain corporations with which he was connected, and to support his position introduced the evidence of himself and Joseph M. Donovan to that effect. These witnesses were corroborated to some extent by the securities held by appellee, purporting to have been executed by the two corporations above named. On the contrary appellee claimed that appellant was using the names of a number of corporations for the transaction of his own private business, and also that his act in fraudulently inducing her to accept worthless security for her money, by means of said guarantee and otherwise, made him personally liable to her for the payment of the debt in question.

She testified that she dealt with appellant on account of the confidence she had in him; that his boys, several of whom were in the office, acted just as other clerks; she said, "I paid all the confidence to Mr. Donovan I could. I would not pay as much to my brothers as I paid to Mr. Donovan, because he was a Catholic and a member of my church and a good living man as I supposed." The manner of transacting business at the Donovan office was fully explained by Lydia M. Cooper, who was appellant's stenographer and typewriter from October, 1897, to April, 1903. She testified that the office was a long narrow room about twenty feet wide and 60 to 75 feet long; that there was a partition in the front like a banking counter and in the rear there was a place about ten feet square where a number of different companies known as the J. T. Donovan Real Estate Company, The Fidelity Realty Company, The Cunliff Realty Company, The Fenimore Realty Company, The Cappa Realty Company and the McKinley Company, had headquarters; that the different corporations had different presidents, but that appellant was really the man who ran the whole thing; that there were three sons of appellant in

the office and several other clerks; that J. T. Donovan controlled the business of the Fidelity Realty Company; that there was a bookkeeper and cashier in the office; that over the door there was the sign "J. T. Donovan Real Estate Company;" that J. M. Donovan "never made any transaction without J. T. Donovan sanctioned it;" that the Fidelity Realty Company did not have any financial standing but was simply gotten up to keep the property out of judgment so that the property could be sold and transferred without the judgment being paid off; that she had heard appellant say so himself; that "he said there were judgments against these different companies and he would get up another company and put the property in the name of the new company in order that it could be transferred, so that there would be no judgment against it;" that he used the property of the companies indiscriminately; that he would settle the debts of the J. T. Donovan Real Estate Company with those properties, no matter to which company they belonged; that the stock of the J. T. Donovan Real Estate Company was all held by members of the family; that Mr. Donovan got the property named in the deed of trust in question for $325 and put a $1,200 loan on it.

Joseph M. Donovan when placed upon the witness stand denied some of the statements made by Miss Cooper, but appellant when placed upon the stand did not see fit to deny any of them. Under the proofs in the case we think the jury were fully warranted in finding that appellant was using the corporations named in the papers given her, for the transaction of his own private business; that he was guilty of a fraud in taking her money and giving her a mortgage for $1,200 on property shown by the proof to have been worth only about $150; that the fraud upon appellee was more readily consummated by the use of the guarantee signed by the J. T. Donovan Real Estate Company, which recited that there were certain improvements being erected on the property, when in fact there was none being erected and upon which none have been erected since; that appellee dealt with appellant by reason of special con-

Donovan v. Purtell.

fidence she had in him on account of their church relations, and that appellant received the money of appellee and converted it to his own use.

It is claimed by appellant that there could be no recovery against him in any event under the common counts. On the trial appellee tendered appellant the deed of trust, notes and guarantee but he declined to accept them and appellee then tendered them into the care of the court for the use of appellant.

In Wilson v. Turner, 164 Ill. 398, it is said: "An action for money had and received will lie whenever one person has received money which in justice belongs to another, and which in justice and right should be returned."

It has also been frequently held that "Where one wrongfully takes the goods of another and applies them to his own use the owner may waive the tort and charge the wrong-doer in assumpsit on the common counts as for goods sold or money received." City of Elgin v. Joslyn, 136 Ill. 525; T. W. & W. Ry. Co. v. Chew, 67 Ill. 378; Gentle v. Stephens, 87 Ill. App. 190.

Appellee therefore had the right in law to waive any fraud which may have been committed against her by appellant and sue in assumpsit on the common counts for money received by him for her use.

Appellant also claims that the court erred in permitting appellee to show the course of business pursued by him, his exercise of control over the various companies in the same office and the indiscriminate manner in which he used the money of said companies, and in admitting evidence tending to show the reason why appellee had special confidence in him. In our opinion this evidence was all proper as bearing upon the question whether appellant was really conducting his own business under the name of the several corporations for his own benefit and also whether he took advantage of appellee's special confidence in him to use her money and give her securities which were practically worthless.

The two instructions given for appellee told the jury that

if they believed from the evidence appellant controlled the affairs of both companies in question for the transaction of his private business, and that he received the money of appellee for his own private and individual uses and purposes, and that he appropriated the same to his own use, etc., they should find for the plaintiff. Appellant claims that these instructions are erroneous for the reason that there is no evidence in the record showing that the money was received for Donovan's private and individual uses and purposes. As we have above seen, however, there was not only evidence in considerable amount bearing upon this question, but in our opinion it was of such weight as to warrant a finding by the jury that the money was so received and appropriated.

We find no error in the modification of one of defendant's instructions and the refusal of another, material enough to warrant the reversal of this case.

The judgment of the court below will be affirmed.

*Affirmed.*