Louis Clements, Trustee in Bankruptcy of Taylor-English Coal Company, Bankrupt, Appellee, v. Second National Bank of Danville, Illinois, Appellant.

Gen. No. 8,578.

Opinion filed April 27, 1932.

GUNN, PENWELL & LINDLEY, for appellant.

J. R. DEAN and LEWMAN & CARTER, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Louis Clements, trustee in bankruptcy of Taylor-English Coal Company, a corporation, bankrupt, recovered a judgment against the Second National Bank of Danville, Illinois, in the circuit court of Vermilion county for the sum of $2,711.22. On this appeal the parties to the suit have been reversed and the cause has been docketed as *Second National Bank of Danville, Illinois v. Louis Clements, etc.* Under the rules of practice which have obtained for many years in this court a cause should be entitled the same as it was in the court below and the clerk is directed to redocket this cause in this court in its proper form.

A jury was waived and the cause submitted to the court for trial, at the conclusion of which, the record shows the court "finds for the plaintiff, in the sum of $2,711.22 to which finding the defendant excepts." The court thereupon entered judgment for that amount. The record then shows that after the judgment was entered appellant made a motion for a new trial which was overruled and then made a motion in arrest of judgment which was overruled, whereupon appellants prayed an appeal which was allowed. In the bill of exceptions, however, it appears that the motions for a new trial and in arrest of judgment were made before the judgment was entered. Motions for a new trial and in arrest of judgment must be made before the judgment is entered. As these motions appear to have been made at the proper time by the bill of exceptions, in which it is necessary for them to be preserved, we assume that they were so made.

The original declaration consists of three counts, in the first count of which it is alleged, in substance,

that on the 27th day of December, 1930, the Taylor-English Coal Company was indebted to the Second National Bank of Danville, Illinois, in the amount of $26,000, and on said day the Coal Company executed and delivered its certain check drawn upon said Bank and payable to said Bank, in the amount of $5,531.76; that said Bank honored the check and cashed the same on the 30th day of December, 1930, and credited said amount of said check to the amount of the indebtedness aforesaid; that by such transfer said Bank was enabled to secure payment of a greater percentage of its debt than the other creditors of the Coal Company of the same class; that on the 17th day of January, 1931, an involuntary petition was filed by certain creditors of the Coal Company praying that the latter be adjudicated a bankrupt; that on the 7th day of February, 1931, said Coal Company was duly adjudicated a bankrupt; that said Coal Company was on December 27, 1930, insolvent; that said Bank knew it was insolvent at the time it accepted its aforesaid check and had reasonable cause to believe that by accepting such a transfer to it of such funds as aforesaid, an unlawful preference would result in its favor to the prejudice of other creditors of the same class; that by virtue of the unlawful transfer of said sum of $5,531.76 the Bank has come into possession of said sum of money which is unlawfully the property of the trustee and the money had by it for the use of said trustee; to the damage of the plaintiff of $6,000, wherefore he brings his suit.

The second count, after setting out the preliminary facts alleged in the first count, also alleges that said Bank accepted said transfer of money to it when it had reasonable grounds to believe that by accepting such transfer of said funds it would thereby obtain the payment of a greater percentage of its debt than any other creditor of the same class; and that the money aforesaid had and received as aforesaid by said

Bank is money had and received by it for the use of the trustee as aforesaid; to the damages of the plaintiff of $6,000, wherefore he brings his suit.

In the third count, in addition to the preliminary facts stated in the other counts, it is alleged that said Bank credited the sum of $5,531.76 toward the payment of the indebtedness of the Coal Company to it by way of reducing said indebtedness and thereby obtained by such transfer to it as aforesaid an unlawful preference; that at the time thereof and before said time, the Bank knew that the Coal Company was insolvent and it had reasonable cause to believe that the transfer to it of said sum of money would result in a preference and would enable it to receive payment of a greater percentage of its debt than any other creditor of the Coal Company of the same class, and that a preference would result in its favor to the prejudice of other creditors; that said transfer was made to the Bank within four months prior to the institution of bankruptcy proceedings against the Coal Company; that the trustee does not have sufficient assets on hand to pay any of the creditors any part of their indebtedness; that various claims of various creditors have been filed and allowed against the Coal Company; that the money so received by the Bank is money had and received for the use of said trustee; to the damage of the plaintiff of $6,000.

To this original declaration appellant filed a demurrer which, according to the record, was never passed upon, but to which appellant filed seven pleas.

It is apparent that the original declaration, consisting of the three counts mentioned, is based upon paragraph B, section 60 of the National Bankruptcy Act which is as follows: "If a bankrupt shall . . . have made a transfer of any of his property, and if at the time of the transfer . . . and being within four months before the filing of the petition in bank-

ruptcy, or after the filing thereof and before the adjudication, the bankrupt be insolvent, and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person.''

The counts in this declaration are inartificially drafted and do not conform to the common law form of declarations in assumpsit which prevails in this State. Where a declaration is based upon a cause of action granted by a statute, and which does not exist at common law, suitable reference should be made to such statute. In the case of *Zellers v. White,* 208 Ill. 518, the cause of action was based upon the statute providing for a recovery of money or property lost in gambling. The common counts only were filed. The court said: ''The declaration is an ordinary declaration in assumpsit, and does not refer in apt language, as it should do, to the act of which said section is a part, for the purpose of showing that it counts thereon.'' Nowhere in the declaration is there any reference to the statute, nor is there any allegation of any promise to pay, and, while an allegation of a promise to pay has been held to be not absolutely essential where the facts alleged raise an implied promise, yet it is the proper form of pleading. The demurrer to the original declaration, however, was abandoned by filing pleas thereto.

Appellee filed two additional counts, in the first of which it is alleged that on December 27, 1930, the Coal Company was indebted to the Bank in the sum of $26,000 and that said Bank held certain open accounts assigned to it by the Coal Company before said date to secure payment of said indebtedness; that on

said date the Coal Company transferred and assigned to the Bank additional accounts payable to it in the amount of $7,000; that the Coal Company was adjudged a bankrupt on February 7, 1931, and, at the time of the transfer of the accounts mentioned, the Coal Company was insolvent and the Bank knew or had reason to know that it was insolvent and that it would thereby obtain a greater percentage of payment on its claim than any other creditor of the same class and had reasonable grounds to believe that such transfer would result in an unlawful preference in its favor over other creditors, and that there was not then and is not now sufficient funds in the hands of the trustee to pay any other claims filed against the bankrupt estate; that by said transfer of said accounts the Bank had and received property which rightfully belongs to the trustee to the damage of the plaintiff of $6,000, wherefore he brings suit. This count is substantially a count in trover for the conversion of the accounts mentioned. In the second additional count it is averred that said accounts were transferred by the Coal Company to the Bank with intent to hinder, delay and defraud its creditors, and, if it states any cause of action, it is one in an action on the case for fraud. Pleas were also filed to these counts.

Counts in assumpsit and in tort cannot be joined in the same cause of action. In Chitty on Pleadings (8th Ed. 205) it is said: "The consequences of a misjoinder are more important than the circumstances of a particular count being defective; for in the case of misjoinder, however perfect the counts may respectively be in themselves, the declaration will be bad on a general demurrer, or in arrest of judgment, or upon error; and if on a writ of error one of several counts in a declaration in assumpsit be bad, and the defendant below suffer judgment by default, and the damages be assessed generally on the whole declaration, such

judgment must be reversed.'' While it is true that one may, in certain cases, waive the tort and sue in assumpsit (*City of Elgin v. Joslyn*, 136 Ill. 525; *Toledo, W. & W. Ry. Co. v. Chew*, 67 Ill. 378; *Ives v. Hartley*, 51 Ill. 520) the declaration must sound in assumpsit and not in tort.

The finding of the court on which the judgment was entered is general and does not determine whether it is based on the assumpsit counts or the tort counts, and consequently it is impossible to review the judgment on the merits of the case for the reason stated.

As this judgment must be reversed upon the pleadings, we refrain from discussing the errors assigned on the evidence. The judgment of the circuit court is reversed and the cause remanded with directions to sustain the motion in arrest of judgment and to grant leave to plaintiff, if requested, to file an amended declaration.

*Reversed and remanded with directions.*